UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kenyell Regusters<br>604 Walnut Street<br>Pottstown, PA 19464 :<br>:<br>Plaintiff :<br>:<br>v. :<br>United States of America :<br>c/o United States Postal Service :<br>3190 S 70th Street :<br>Philadelphia, PA 19153 :<br>:<br>Defendants : | #_____ |

## COMPLAINT

### PARTIES

1. Plaintiff, Kenyell Regusters, is a resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2. Upon information and belief, Defendant, United States of America c/o United States Postal Service, is a political subdivision of the United States of America, residing at the address listed in the caption of this Complaint.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the parties and subject matter of this Civil Action-Complaint in that the Plaintiff is a citizen of the Commonwealth of Pennsylvania and the Defendant, upon information and belief is a corporate entity with its principal place of business in the Commonwealth of Pennsylvania and the amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

2. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a) (1) and (2) in that this is a judicial district in which a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.

## FACTS

3. On or about June 13, 2016, at approximately 1:30 p.m., Plaintiff was the passenger of a motor vehicle which was traveling at or near the intersection of 60th Street and Nassau Road, in Philadelphia, PA.

4. At or about the same date and time, Defendant was the owner of the motor vehicle, which was traveling, at or near the aforesaid intersection and/or the location.

5. At or about the same date and time, Defendant's vehicle was involved in a motor vehicle collision with the vehicle in which Plaintiff was a passenger.

6. The aforesaid motor vehicle collision was caused by the Defendant negligently and/or carelessly, operating his vehicle in such a manner so as cause a motor vehicle collision.

7. The aforesaid motor vehicle collision was the result of the negligence and/or carelessness of Defendant and not the result of any action or failure to act by Plaintiff.

8. As a result of the accident, Plaintiff suffered serious, severe and permanent bodily injuries as set forth more fully below.

9. The negligence and/or carelessness of Defendant, which was the direct and sole cause of the aforesaid motor vehicle accident and the injuries and damages sustained by the Plaintiff, consisted of, but is not limited to, the following:

    a. Striking the vehicle in which Plaintiff was a passenger;

    b. Operating his/her vehicle into another vehicle's lane of travel;

    c. Failing to maintain proper distance between vehicles;

d. Operating his/her vehicle in a negligent and/or careless manner without regard for the rights or safety of Plaintiff or others;

e. Failing to have his/her vehicle under proper and adequate control;

f. Operating his/her vehicle at a dangerous and excessive rate of speed under the circumstances;

g. Violation of the "assured clear distance ahead" rule;

h. Failure to keep a proper lookout;

i. Failure to apply brakes earlier to stop the vehicle without striking the vehicle in which Plaintiff was a passenger;

j. Being inattentive to his/her duties as an operator of a motor vehicle;

k. Disregarding traffic lanes, patterns, and other devices;

l. Driving at a high rate of speed which was high and dangerous for conditions;

m. Failing to remain continually alert while operating said vehicle;

n. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o. Failing to give other drivers meaningful warning signs concerning the impending collision;

p. Failing to exercise ordinary care to avoid a collision;

q. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

      r.    Operating said vehicle with disregard for the rights of Plaintiff, even though Defendant was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to Plaintiff;

      s.    Continuing to operate the vehicle in a direction towards the vehicle in which Plaintiff was a passenger when Defendant saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

      t.    Failing to operate his/her vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles;

10.    As a direct and consequential result of the negligent and/or careless conduct of the Defendant, described above, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, all to Plaintiff's great loss and detriment.

11.    As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

12.    As an additional result of the carelessness and/or negligence of defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

13.    As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

14. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, demands judgment in Plaintiff's favor and against Defendants in an amount in excess of Seventy-five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

SIMON & SIMON, P.C.

BY: *Jason W. Whalley*
Jason Whalley, Esquire